**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert M. Heywood and Delene A. Heywood, husband and wife,<br><br>            Plaintiffs,<br><br>vs.<br><br>Western Reserve Life Assurance Company of Ohio,<br><br>            Defendant. | No. CV-06-2355-PHX-DGC<br><br>**ORDER** |

Pending before the Court is Defendant's motion for leave to file a counterclaim. Dkt. #18. Plaintiffs have filed a response to the motion and Defendant has filed a reply. Dkt. ##22-23. For the reasons set forth below, the Court will grant the motion.

**I.     Background.**

Plaintiffs Robert and Delene Heywood are the parents of Trent Heywood, now deceased. Defendant issued Trent a life insurance policy on September 15, 2004. Plaintiffs are beneficiaries under the policy. Trent died on February 16, 2005. Plaintiffs subsequently submitted a claim for benefits under the policy. Defendant denied the claim and attempted to rescind the policy based on alleged material misrepresentations on the policy application.

Plaintiffs commenced this action on September 14, 2006 by filing a complaint against Defendant in Arizona state court. The complaint asserts a bad faith tort claim against Defendant based on its denial of Plaintiffs' claim for benefits under the policy. Defendant

removed the action to this Court on October 3, 2006.  Dkt. #1, Ex. A.  Defendant filed an answer to the complaint on October 25, 2006.  Dkt. #8.

**II.     Defendant's Motion for Leave to File a Counterclaim.**

Defendant seeks leave of Court to file a declaratory judgment counterclaim. Dkt. #18. The proposed counterclaim seeks a declaration that Defendant is entitled to rescind the policy under A.R.S. § 20-1109.  Dkt. #20 at 3.

Defendant argues in its motion that leave to amend should be granted under Rule 15(a) of the Federal Rules of Civil Procedure. Dkt. #18 at 2. Plaintiffs correctly note that Defendant's motion is governed by Rule 13(f) rather than Rule 15(a).  Dkt. #22 at 4; *see A.J. Indus., Inc. v. U.S. Dist. Ct.*, 503 F.2d 384, 388 (9th Cir. 1974) ("Where a responsive pleading had not yet been filed we see no reason why Rule 15(a) should not apply with Rule 13(f) coming into force after the filing of the responsive pleading.").  Under either rule, however, leave to amend shall be freely given when justice so requires.  *See In re Independent Serv. Orgs. Antitrust Litig.*, 161 F.R.D. 107, 108 (D. Kan. 1995) ("[Rule] 15(a) requires that leave to amend be freely granted when justice so requires.  Rule 13(f) also addresses the filing of counterclaims by amendment when justice so requires.") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Relying on Rule 13(a), Plaintiffs argue that "the proposed counterclaim is a compulsory counterclaim which was waived when not stated at the time of the filing of the answer." Dkt. #22 at 4. This argument lacks merit for three reasons. First, Rule 13(a) was directed against a party, unlike Defendant in this case, that "failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint." *S. Constr. Co. v. Pickard*, 371 U.S. 57, 60 (1962).  Second, Rule 13(f) explicitly permits a party to seek leave of court to assert an omitted counterclaim.  Third, Defendant asserted rescission as an affirmative defense in its answer.  Dkt. #8 ¶ 21. Rule 8(c) provides that when a party has mistakenly designated a counterclaim as a defense, the court, "if justice so requires, shall treat the pleading as if there had been a proper designation." Fed. R. Civ. P. 8(c); *see Reiter v. Cooper*, 507 U.S. 258, 263 (1993) (quoting

1  Rule 8(c) and stating that it made "no difference that [the defendants] designated their
2  counterclaims as defenses").

3  Plaintiffs further argue that leave to amend should be denied because the only purpose
4  of the proposed counterclaim is to allow Defendant to engage in discovery on the rescission
5  issue. Dkt. #22 at 4-5. But Plaintiffs' "'burden of undertaking discovery, standing alone,
6  does not suffice to warrant denial of [Defendant's] motion[.]'" *Mann v. GTCR Golder*
7  *Rauner, L.L.C.*, 351 B.R. 714, 723 (D. Ariz. 2006) (citation omitted). Moreover, Defendant
8  would be permitted to conduct discovery in support of its affirmative defense of rescission
9  even in the absence of an amendment.

10  Courts have construed both Rule 13(f) and Rule 15(a) "liberally, in line with the
11  Federal Rules' overall goal of resolving disputes . . . on the merits and in a single judicial
12  proceeding." *Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir. 1975) (citing
13  *Foman*); *see Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) ("In exercising its
14  discretion with regard to the amendment of pleadings, 'a court must be guided by the
15  underlying purpose of Rule 15—to facilitate decision on the merits rather than on the
16  pleadings or technicalities.'") (citations omitted); *Morongo Band of Mission Indians v. Rose*,
17  893 F.2d 1074, 1079 (9th Cir. 1990) (stating that leave to amend is generally allowed with
18  "extreme liberality"); *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)
19  (stating that in ruling on a motion to amend the court should draw "all inferences in favor of
20  granting the motion"). In this case, Defendant filed the instant motion within the time period
21  set forth in the Court's scheduling order. *See* Dkt. #15 ¶ 2. The discovery deadline is more
22  than four months away. *See id.* ¶ 4. Plaintiffs have not shown that Defendant has acted in
23  bad faith in filing the motion or that Plaintiffs will be prejudiced by the assertion of the
24  proposed counterclaim. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.
25  1987) (stating that the party opposing amendment has the burden of showing prejudice or one
26  of the other permissible reasons for denying a motion to amend). Justice requires that
27  Defendant be granted leave to file the proposed counterclaim.

28

**IT IS ORDERED:**

1. Defendant's motion for leave to file a counterclaim for declaratory judgment (Dkt. #18) is **granted**.
2. The Clerk shall file the lodged proposed counterclaim (Dkt. #20).

DATED this 27th day of February, 2007.

_____
David G. Campbell
United States District Judge